IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| KELLIE ANNE SORGEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-10-CV-042-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kellie Anne Sorgee seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that she is disabled as a result of lumbar strain, herniated discs in her lower back, arthritis in her hips and left arm, and neck pain. After her application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on October 23, 2008. At the time of the hearing, plaintiff was 40 years old. She has a high school education with one year of college, and past work experience as a data entry manager, an accounting clerk, a receptionist, a project manager, and a teacher's aide. Plaintiff has not engaged in substantial gainful activity since September 27, 2005.[1]

---

[1] Although plaintiff returned to a job answering phones in December 2005, she was able to work only three hours a day for four days due to her disability. (*See* Tr. at 12, 88, 95). This unsuccessful work attempt does not constitute "substantial gainful activity" under the social security regulations. *See* 20 C.F.R. § 404.1574(c)(3).

The ALJ found that plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that plaintiff suffered from arthritis and lumbar herniation, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform light work with some restrictions on bending, including her past relevant work as a data entry manager, an accounting clerk, a receptionist, a project manager, and a teacher's aide. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In a single ground for relief, plaintiff contends that the ALJ failed to apply the proper legal standard in evaluating the opinion of her treating physician.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show

that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff maintains that the ALJ failed to apply the proper legal standard in evaluating the opinion of her treating physician, Dr. Mark Rodgers. The opinion of a treating physician is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927." SSR 96-2p,

1996 WL 374188 at *4 (SSA Jul. 2, 1996); *see also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of:

1. the physician's length of treatment of the claimant;

2. the physician's frequency of examination;

3. the nature and extent of the treatment relationship;

4. the support of the physician's opinion afforded by the medical evidence of record;

5. the consistency of the opinion with the record as a whole; and

6. the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *See Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001).

Dr. Rodgers treated plaintiff for injuries to her spine, legs, and arms sustained in two automobile accidents in 1999 and 2004. (*See* Tr. at 245, 250, 254-62, 271-76, 306, 319, 326, 337, 340, 387). Those injuries were aggravated when plaintiff hurt her back at work on September 27, 2005 -- the alleged onset date of her disability. (*Id.* at 157, 176-77). In a letter dated January 10, 2006, Dr. Rodgers explained that plaintiff's injuries had left her with "mobility issues" that included limited use of her left arm and hand, and difficulty walking due to pain in her right hip and leg. (*Id.* at 306). Dr. Rodgers stated that plaintiff could not stand for more than "a few minutes," was unable to use her left arm for much activity, and required either physical or mechanical assistance with mobility. (*Id.*). Similar limitations were noted by Dr. Rodgers in a residual functional capacity assessment dated October 16, 2008, wherein he diagnosed plaintiff with polyneuropathy and chronic back pain manifested by weakness and numbness in the legs, difficulty with balance, and pain in the

back, knees, and shoulder. (*Id.* at 524). Her prognosis was rated as "poor." (*Id.*). Among plaintiff's limitations were the inability to sit or stand for more than two hours during an eight-hour work day, to sit for more than 10 minutes or stand for more than five minutes at a time, and to walk even one city block without rest or severe pain. (*Id.* at 525-26). Dr. Rodgers reaffirmed that plaintiff required the use of a cane or other assistance device while engaging in even occasional standing or walking. (*Id.* at 526). This evidence suggests that the "mobility issues" first described by Dr. Rodgers in January 2006 continued at least until October 2008, long enough for them to be considered "disabling." *See* 42 U.S.C. § 423(d)(1)(A) (defining "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of at least 12 months).

The hearing decision barely mentions Dr. Rodgers,[2] much less the weight given to his assessment of plaintiff's functional limitations. (*See* Tr. at 10-16). Instead, the ALJ focused primarily on plaintiff's credibility in her discussion of residual functional capacity, finding that plaintiff's complaints of disabling pain were not credible because, *inter alia*, "her orthopedist could not identify a specific medical [*sic*] determinable impairment other than a minor lumbar strain." (*Id.* at 15). Not only did the ALJ ignore Dr. Rodgers's opinion that plaintiff had difficulty walking and could not ambulate without assistance, but she summarily dismissed other medical evidence that noted similar limitations during the relevant time period.[3] In November 2005, a physical therapist reported that plaintiff had "severe" limitations in walking. (*See id.* at 173). Dr. Dalton Rhea, one

---

[2] The only reference to Dr. Rodgers is a single sentence that reads: "On September 26, 2003, Dr. Rodgers wrote that the claimant was unable to work fro [*sic*] several months after her accident in November 1999, but she had been gainfully employed since then." (Tr. at 12).

[3] Plaintiff's last insured date was September 30, 2006. (*See* Tr. at 10, 80). Therefore, the relevant time period for purposes of the ALJ's disability determination began on September 27, 2005, and ended on September 30, 2006. *See* 42 U.S.C. § 423(a)(1)(A) (eligibility for disability benefits depends on insured status).

of the doctors who cleared plaintiff to return to work in December 2005, did so with the restriction that she be permitted to use a wheelchair for mobility. (*Id.* at 176). In July 2006, another treating physician, Dr. Bruce Bollinger, noted that plaintiff was "unable to sit, stand or walk for prolonged periods." (*Id.* at 460-61). Although Dr. Bollinger opined that plaintiff was not permanently disabled and could return to work in three months, (*see id.* at 461), there is no evidence that her condition actually improved. To the contrary, Dr. Sidney Bailey, an orthopedist who examined plaintiff in February 2007, observed that her "symptoms now are if she walks for more than a few feet [at] a time that she has pain and/or weakness to point to where she is unable to continue walking." (*See id.* at 154). Dr. Bailey also remarked, "This is obviously a difficult multi year multifactorial long ongoing problem." (*Id.*). Despite the mobility issues noted by *four* different doctors, the ALJ did not address this limitation in finding that plaintiff had the residual functional capacity to perform light work. (*See* Tr. at 14-15).[4]

The court can only conclude that the ALJ implicitly rejected the opinions of plaintiff's treating physicians, including Dr. Rodgers, regarding her functional limitations. To do so without clearly articulating the reasons for that decision was a legal error requiring remand. *See* SSR 96-2p, 1996 WL 374188 at *4-5 (hearing decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

---

[4] Many of the exertional limitations noted by these doctors might preclude plaintiff from performing even sedentary work. *See* 20 C.F.R. § 416.967(a) (jobs are sedentary if walking and standing are required "occasionally" and other sedentary criteria are met); SSR 83-10, 1983 WL 31251 at *5 (SSA 1983) ("occasional" periods of standing or walking should generally total no more than two hours in an eight-hour workday).

## CONCLUSION

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[5]

SO ORDERED.

DATED: August 26, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[5] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.